**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES SPIKES SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-0147** |
| **RANDY SEAL, WALTER REED, LEANN WAHL** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.      Factual and Procedural Background

The plaintiff, James Spikes, Sr. ("Spikes"), is an inmate housed in the Washington Parish Jail, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Washington Parish Sheriff Randy Seal, former Washington Parish District Attorney Walter Reed, and former Assistant District Attorney Leann Wahl.  Spikes claims that he was charged in Washington Parish with first degree murder based on the false and coerced testimony of a witness.  He claims that the witness's DNA was on the victim, and the witness was beaten by sheriff's deputies until he provided them with the name "James" as the perpetrator.  Under a broad reading, he further claims that the sheriff's deputies who were employed by Sheriff Seal assumed that the witness was referring to him, and he was already in jail on another charge.

Spikes also asserts that Wahl filed the false indictment and committed malfeasance and malicious prosecution.  He contends that Reed is vicariously liable for the filing of the false

indictment, malfeasance, and malicious prosecution.  He requests that this Court investigate his

claims and compensate him for his pain and suffering.

## II.      <u>Standard of Review for Frivolousness</u>

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is

required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a

determination that they are frivolous.  The Court has broad discretion in determining the frivolous

nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other*

*grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte*

dismiss an action merely because of questionable legal theories or unlikely factual allegations in the

complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or

in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such

as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v.*

*Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts

alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional

allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably

meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976

F.2d 268, 269 (5th Cir. 1992).

## III.     Discussion

Spikes alleges that the defendants violated his constitutional rights by placing false charges against him which he also contends resulted from Wahl's malfeasance and malicious prosecution. While Spikes does not provide in depth details of the state criminal proceedings, he does indicate that, at the time of the filing of his complaint, he was still being held on the charge and had not been convicted.

The very basis of Spikes's complaint is a challenge to the constitutionality of the pending charge and criminal prosecution against him.  His claim therefore calls into question the validity of his current confinement.  Before a plaintiff can proceed under § 1983 on such a claim, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Jackson*, 49 F.3d at 177.

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.  This limitation on a § 1983 plaintiff avoids collateral attacks for monetary damages related to convictions that are still outstanding.  *Id*., 512 U.S. at 484-85.  Although the Supreme Court's decision in *Heck* concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied *Heck* in cases in which the plaintiff also seeks injunctive relief.  *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

Because his felony charges are still pending, however, his case does not fit squarely under

*Heck* and the bar thereunder does not yet apply.  *See Wallace v. Kato*, 549 U.S. 384, 393 (2007)

(holding that *Heck* does not bar "an action which would impugn an anticipated future conviction.").

Nevertheless, the United States Supreme Court has made clear that federal courts need <u>not</u> proceed

with cases in which a *Heck* problem <u>may</u> ultimately arise.  Rather, the Supreme Court has explained

that, when a plaintiff files a claim related to rulings that will be made or resolved in an anticipated

criminal proceeding, the District Court must stay the civil action until the criminal case is ended.

*Id.*, 549 U.S. at 393, 94; *see also*, *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).  The Court

directed that if the plaintiff is ultimately convicted, the *Heck* bar would require dismissal; if he is

not, the District Court can proceed with the civil action, absent some other bar to suit.  *Id.*, 549 U.S.

at 393-94.

However, it is well settled in the Fifth Circuit that before application of the *Heck* or *Mackey*

doctrines, the Court must address dismissal of improperly named and immune defendants.  *See*

*Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that, although

a stay might be appropriate to determine if *Heck* will bar a claim, the district court should consider

if there are other grounds for dismissal); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)

(immunity must be considered as a threshold matter prior to applying *Heck*).  In this case, Spikes

has named improper defendants and/or defendants who are otherwise immune from suit against

whom § 1983 liability will not stand.  Thus, the claims against the defendants must be dismissed as

a threshold matter without application of the *Heck*/*Mackey* doctrines.

## A.    No Vicarious Liability as to Seal and Reed

To recover under § 1983, a plaintiff must identify both the constitutional violation and the responsible person acting under color of state law.  *See Flagg Bros*., *Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson,* 454 U.S. 312 (1981).  Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to liability on a claim for damages under §1983.  Thus, a supervisory official, like Sheriff Seal or District Attorney Reed, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999);  *see also*, *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability.").  A defendant would be liable under § 1983 only if he or she were "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also*, *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

Spikes has not alleged that Seal had any direct involvement in his prosecution or the actions of his deputies or Wahl or did anything other than pat his son on the shoulder.  Without some clear assertion that a constitutional right was violated, Seal is not properly named as a defendant in this case.  To the extent Seal is named solely as the Sheriff or supervisory figure over the sheriff's deputies involved, Spikes has not stated a claim cognizable under § 1983.  As noted above, there is no vicarious liability for a supervisory official under § 1983.  The claims against Sheriff Seal are frivolous and otherwise fail to state a claim for which relief can be granted.

Spikes has also failed to state a basis for former District Attorney Walter Reed to be held liable under § 1983. Spikes makes clear that Reed is named solely in his supervisory capacity over defendant Wahl. Strictly considered as a supervisory official over an assistant district attorney, Reed can not be held vicariously liable under § 1983. Spikes's claims against Reed in that capacity are frivolous and otherwise fails to state a claim for which relief can be granted.

Without some personal action or connection which would render Seal or Reed liable under § 1983 or liable for the actions or inactions of their subordinates, Spikes's claims against these defendants as supervisory officials are frivolous and otherwise fail to state a claim for which relief can be granted under § 1915 and § 1915A.[1]

### B.    Assistant District Attorney Wahl is Immune

Spikes has also named Assistant District Attorney Leann Wahl as a defendant alleging that she engaged in malicious prosecution and committed malfeasance in office. Under a broad reading, Spikes's claims that Wahl filed a false indictment against him based on incorrect witness testimony and manipulated facts. Wahl, however, is immune from suit arising from her role as prosecutor in the state criminal proceedings.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether an official is absolutely immune from suit, the proper focus is not the identity of the party claiming the immunity, but rather, his or her "role in the context of the case."

---

[1]Spikes also has not alleged that he has suffered any constitutional injury directly resulting from any order, training, or other policy implemented by Seal or Reed which would create liability under § 1983. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

*Mays*, 97 F.3d at 110.  In other words, immunity attaches to particular official's functions, not to the particular office he or she holds.  *Forrester v. White*, 484 U.S. 219, 229 (1988); *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial.  *Burns v. Reed*, 500 U.S. 478, 492 (1991).  Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court.  *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Spikes's claims against Wahl are intimately associated with her role in bringing of the charges and the criminal court process.  His challenge is to the prosecution of the charge itself and Wahl's presentation of the case before the state court.  Wahl clearly is entitled to absolute immunity from suit for her role in bringing and prosecuting the charges against Spikes.  The claims against this defendant must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

## IV.    Recommendation

It is therefore **RECOMMENDED** that Spikes's § 1983 claims against the defendants, Sheriff Seal, former District Attorney Reed, and former Assistant District Attorney Wahl, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted and/or for seeking relief against an immune defendants as provided under 28 U.S.C. § 1915 and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 4th day of January, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.